IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN BARRETT BICKNELL,<br>GDC #928390, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO. 2:18-CV-833-MHT<br>) |
| WETUMPKA SHERIFF'S DEPT., | )<br>) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I. INTRODUCTION

This 42 U.S.C. § 1983 action is before the court on a complaint filed by John Barrett Bicknell, an indigent inmate, on August 20, 2018.[1] In the instant complaint, Bicknell alleges that a deputy used excessive force against him on October 15, 2013 during his arrest for various criminal offenses.[2] Bicknell seeks monetary damages and an investigation of his claim. Doc. 1 at 8.

---

[1]Bicknell initially submitted this case to the United States District Court for the Northern District of Georgia. The Clerk of that court stamped the complaint "filed" on August 23, 2018. Doc. 1 at 1. The financial information filed simultaneously with the complaint indicates that Bicknell received such information on August 20, 2018, Doc. 2 at 3, and this is the earliest date he could have placed the complaint in the prison mail system. A pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Thus, the court considers August 20, 2018 as the date of filing.

[2]The entries on the case action summary sheets for Bicknell's relevant criminal cases maintained by the Alabama Trial Court System, hosted at www.alacourt.com, establish that Bicknell was charged with obstruction of justice, resisting arrest, driving under the influence of alcohol and a controlled substance, improper parking and tampering with evidence. The state records further show that Bicknell entered a guilty plea on January 30, 2014 to obstruction of justice and resisting arrest in return for which the State dismissed the driving under the influence, improper parking and tampering with evidence charges. The

Upon thorough review of the complaint, the court concludes that this case is due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[3]

## II.  DISCUSSION

Bicknell challenges the constitutionality of force used against him on October 15, 2013.  This claim is barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985).  [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years.  Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The complaint relates to a use of force which occurred on October 15, 2013.  By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) affords no relief to Bicknell from application of the time bar.[4]  The statute of limitations applicable to

---

court takes judicial notice of these case action summaries.  *See Keith v. DeKalb Cnty*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014).

[3]The court granted Bicknell leave to proceed *in forma pauperis* in this case.  (Doc. 6).  A prisoner granted *in forma pauperis* status will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[4]The tolling provision provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability" to commence the action, not to exceed "20 years from the time the claim or right accrued."

Bicknell's use of force claim therefore began to run on October 16, 2013.[5] The limitations period ran uninterrupted until its expiration on October 16, 2015. Bicknell filed the instant complaint on August 20, 2018. The filing of this civil action occurred well after expiration of the applicable period of limitations.

Unquestionably, the statute of limitations is usually a matter which is raised as an affirmative defense. The court notes, however, that when a plaintiff proceeds *in forma pauperis* in a civil action it may *sua sponte* consider affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at n.2 (citing *Franklin v. State of Oregon*, 563 F.Supp. 1310, 1330, 1332 (D.C. Oregon 1983).

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte." *Id*.

---

Ala.Code § 6-2-8(a). The state court records and pleadings demonstrate that Bicknell was not legally insane or under the age of 19 at the time his cause of action accrued.

[5]In computing the federal period of limitations, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), Fed.R.Civ.P.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Bicknell has no legal basis on which to proceed with respect to the claim alleging use of excessive force on October 15, 2013. As previously determined, the statutory tolling provision is unavailing. Consequently, the governing two-year period of limitations expired on October 16, 2015, over two years and ten months prior to Bicknell filing the instant complaint. In light of the foregoing, the court concludes that the excessive force claim which forms the basis for the instant complaint is barred by the applicable statute of limitations and therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

On or before **October 17, 2018** the plaintiff may file objections to the Recommendation.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations as required by the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation.  The failure to file written objections will also waive the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 3rd day of October, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE